IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Southern Division

TIFFINY ANDERSON AND
ROGER S. ANDERSON

CIVIL NO. 7:04-CV-69-F(3)

Plaintiffs,

vs.

THE UNITED STATES OF AMERICA,

Defendant.

**VERIFIED COMPLAINT**

28 USC 2671 et seq

Plaintiffs, Tiffiny Anderson and Roger S. Anderson, by their attorneys, Howard S. Richman of Goldsmith Richman & Harz, LLP, and Robert M. Grant, Jr. of Corne Corne and Grant, for their claim for relief against the defendant, allege upon information and belief as follows:

COUNT 1.

1.  That plaintiffs, TIFFINY ANDERSON and ROGER S. ANDERSON, are citizens of the State of North Carolina, residing at 116 Newcastle Drive, Jacksonville, Onslow County, North Carolina.

2.  That venue is proper in this district pursuant to 28 U.S.C. 1391 (c) in that the plaintiffs reside in this district.

3. That if the defendant were a private person, it would be liable to the plaintiffs in accordance with the law of California..

4. That pursuant to 28 U.S.C. 2675 (a), the claim set forth herein was presented to the Department of the Navy. The Department of the Navy denied the claim on December 10, 2003.

5. That at all times hereinafter mentioned, defendant administered an agency entitled the Department of the Navy (hereinafter referred to as "agency").

6. That at all times hereinafter mentioned, defendant through the "agency" provided health and medical care to military members, dependent spouses and children pursuant to law.

7. That at all times hereinafter mentioned, defendant by and through the agency employed physicians, nurses and other allied health care professionals to care for and treat those that were entitled to medical care at its facilities.

8. That the Defendant by and through the agency owned, operated managed and controlled The Balboa Naval Hospital (hereinafter referred to as "Naval Hospital"), in San Diego, California.

9. That Roger S. Anderson is an active duty Marine Corps Warrant Officer and husband of plaintiff, Tiffiny Anderson .

10. That the plaintiff, Tiffiny Anderson, was and is the dependent wife of Roger S. Anderson

11. That the plaintiff, Tiffiny Anderson, came under the care and treatment of defendants employees, agents and servants during the course of a pregnancy at "Naval Hospital".

12. That the plaintiff, Tiffiny Anderson, was admitted to "Naval Hospital" on May 26, 2001 with complaints of severe pain in her abdomen, upper back and chest.

13. That plaintiff, Tiffiny Anderson, was 36 weeks plus gestation at the time of admission.

14. That plaintiff, Tiffiny Anderson, had performed upon her a caesarean section for the delivery of her second child Cade Anderson who was born on May 26, 2001.

15. That during the course of the Cesarean section a large amount of fresh red blood was found intra abdominally.

16. That during the course of the Cesarean section the uterus and placenta was explored for bleeding and the source of the bleeding was not found.

17. That the defendant's agents, servants and employees closed the plaintiff, Tiffiny Anderson's abdomen without finding a source of the bleeding.

18. That later that afternoon plaintiff, Tiffiny Anderson's health condition significantly deteriorated, her heart stopped and she coded due to internal bleeding.

19. That plaintiff, Tiffiny Anderson, was caused to undergo emergency surgery in the nature of an emergent thoracotomy and exploration.

20. That plaintiff, Tiffiny Anderson, was caused to lose her spleen and a portion of her pancreas, and suffered serious and extreme personal injury.

21. That at all times hereinafter mentioned, the defendant undertook the care of the plaintiff through its agents, servants and employees, and had a duty to use reasonable and proper skill and care in its efforts to care for and treat said plaintiff.

22. That the defendant failed to use due, reasonable or proper care in its efforts to care for and treat plaintiff at said hospital and departed and deviated from accepted standards of medical and other care prevailing in the area of defendant's practice and expertise, and defendant failed to exercise and apply to Tiffiny Anderson's case the knowledge, skill and diligence, which as a medical facility which employed physicians should have possessed and exercised on behalf of the plaintiff and was otherwise careless and negligent.

23. That plaintiff was caused to sustain permanent, serious, severe and irreversible personal injuries resulting in her becoming permanently disabled, depressed, in constant pain, unable to work, horrifically scarred as well as other permanent personal injury.

24. That as a result of the foregoing the plaintiff has been subjected to repeated medical therapy, examinations, surgery, tests, medications, continuous hospitalization and other care all of which caused great pain and suffering, and that as a result of the permanent injuries which Tiffiny Anderson has sustained, she will in the future be subjected to repeated medical therapy, medical examinations, surgery, tests, hospitalizations and other care, and will in addition suffer future pain and suffering.

25. That as a result of the foregoing plaintiff has suffered emotional distress, mental anxiety, psychological trauma, and physical pain and suffering.

26. That the plaintiff sustained the injuries and damages as set forth solely by reason of the carelessness, negligence and unskillfulness of the defendant, without negligence or carelessness on there part contributing thereto.

27. That by reason of the premises aforesaid, the plaintiffs individually have been damaged in the amount of Four Million Dollars ($4,000,000.00) for personal injuries suffered and to be suffered.

28. That the Plaintiff, Tiffiny Anderson, is 34 years of age, being born on June 7, 1969, and has a future life expectancy of 43.8 years.

## COUNT II

### Loss of Services

29. That the plaintiff, Roger S. Anderson, repeats, reiterates and realleges each and every allegation contained in paragraphs of the complaint marked "1" through "28" inclusive, with same force and effect as if set forth herein at length.

30. That Roger S. Anderson was at all times the lawfully wedded husband of the plaintiff, Tiffiny Anderson.

31. That as the direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff Roger S. Anderson incurred damages in one or more of the following ways follows as a result of the personal injuries to his wife, Tiffiny Anderson: He suffered a loss of society, love and affection, counsel, support and advice, services, tender ministrations to his needs and comfort, and other comforts and pleasures which theretofore existed and came from his marital relationship with his wife, Tiffiny Anderson.

32. That as a result of the aforementioned negligence of the defendant and without any contributory negligence of plaintiff, the Plaintiff Roger S. Anderson, by reason of the personal injuries to his wife, Tiffiny Anderson, has been damaged in the amount of One Million Dollars ($1,000,000.00).

**WHEREFORE**, the plaintiff demands judgment on Count I against the defendant, the sum of $4,000,000.00; demands judgment on Count II against the defendant in sum of $1,000,000.00 together with the costs and disbursements of each cause of action and interest and attorneys fees as allowable by law.

Dated this the _25_ day of _March_, 2004